CHRISTIAN *v.* BRANSTROM.

CONTRACTS—JOINT PROPERTY—SALES—ADMISSIONS.

Defendant, who admitted on cross-examination that he agreed to pay to plaintiff a sum nearly equal to the amount claimed in the action, was in no position to contend on appeal that the trial court erred in directing a verdict for the amount conceded by defendant in favor of the plaintiff who brought suit for the price of a half interest in a spraying outfit that had been owned jointly by the parties.

Error to Oceana; Sullivan, J. Submitted October 9, 1914. (Docket No. 57.) Decided December 18, 1914.

Assumpsit in justice's court by William Christian against Isaac Branstrom for the price of goods sold and delivered. Judgment for plaintiff on a verdict directed by the court. Defendant brings error. Affirmed.

*William J. Branstrom,* for appellant.

*F. E. Wetmore,* for appellee.

MOORE, J. This case originated in justice's court. It was appealed to the circuit court. From a directed verdict in favor of the plaintiff in the sum of $15.90, the case is brought here by writ of error.

The parties to this litigation are neighboring farmers, and prior to the commencement of this suit they purchased a spraying outfit; each paying one-half of the purchase price. Some time in the spring of 1912, the parties became dissatisfied with the joint ownership of the spraying outfit, and it is the claim of the plaintiff that he sold his interest in the outfit to the defendant for $17.50, to be paid as soon as defendant

got his creamery check, which would be in about 10 days; that after that time expired a demand was made for the money, and, as it was not paid, this suit was begun. The plaintiff and several witnesses gave testimony tending to show the truth of his claim.

On the part of defendant it was claimed that no agreement in fact was made. The defendant was sworn as a witness on his own behalf. On the cross-examination he testified in part as follows:

"I didn't intend to let him have that sprayer unless we agreed—he pay me for it—unless he would pay me for my interest in it. I told him he would pay for my part or he could pay me, as we couldn't have the sprayer together any more because* we couldn't get along.

"Q. You wouldn't let him take it away from there, then, without him buying your interest out?

"A. No, sir. I wanted to know who was going to have that sprayer.

"Q. That sprayer was worth $30 or $35, was it?

"A. It was worth about $25 or $30 to me.

"Q. You made an agreement to pay $15?

"A. Yes.

"Q. You was willing to pay $30 for it?

"A. Yes.

"Q. You haven't paid that, have you?

"A. I made an agreement for it.

"Q. You made an agreement to pay $15?

"A. Yes.

"Q. But you haven't paid it nor any part of it, nor haven't made any tender of it in court, have you?

"A. No, sir."

At the close of the testimony the attorney for the plaintiff said:

"For the purpose of shortening this thing up, we will waive argument and ask the court to direct a verdict in favor of the plaintiff for the sum of $15."

The judge then directed a verdict in the sum of $15 and interest.

The attorney for the appellant insists the court

erred in directing a verdict for the plaintiff. We do not feel called upon to spend very much time in trying to demonstrate it was not reversible error for the trial court to direct a verdict in favor of the plaintiff for an amount the defendant testified he agreed to pay.

Judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.